## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br>         Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530-0001, <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("Defendant" or "DOJ") is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. On information and belief, Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 16, 2018, Plaintiff submitted a FOIA request to Defendant seeking the following records for the timeframe specified:

> 1. **Any and all records of communications, including but not limited to emails, text messages and instant chats, sent to or from former Assistant Attorney General for National Security Division John P. Carlin regarding, concerning or relating to any of the following topics:**
>    - **Former National Security Advisor Michael Flynn;**
>    - **Purported or suspected "collusion" between the Trump presidential campaign and the Russian government;**
>    - **The FISA warrant sought or obtained on Trump campaign official Carter Page;**
>    - **Hillary Clinton's use of an unsecure, personal server/email account;**
>    - **Admiral Mike Rogers, Director of the National Security Agency;**
>    - **U.S. District Court Judge Rudolph Contreras;**
>    - **John P. Carlin's resignation.**
>
>    **The timeframe for the above requested records is May 1, 2016 through October 31, 2016.**
>
> 2. **Any and all calendar entries for John Carlin for the period May 1, 2016 through October 31, 2016.**
>
> 3. **Any and all expense reports and travel vouchers for John Carlin from 2009 thorugh 2016.**

  **4. Any and all SF50s/SF52s, and records relating to bonuses and/or awards received by John Carlin from 2009 through 2016.**

  6. Defendant responded to Plaintiff's request by an email on March 12, 2018. The email stated that the request had been received by the FOIA office on March 5, 2018. The email referred to the request as NSD FOIA #18-35.

  7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

  8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

  9. Defendant has violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

  10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

  11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request. At the latest, Defendant's determination was due by April 3, 2018. At a minimum, by these dates Defendant was required to: (i) gather and review the requested

documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Wash. v. Federal Election Comm'n*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 5, 2018

Respectfully submitted,

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*